NATIONAL LABOR RELATIONS
BOARD
v.
MILCO UNDERGARMENT CO.,
Inc., et al.

MILCO UNDERGARMENT CO. et al.
v.
NATIONAL LABOR RELATIONS
BOARD.
Nos. 11242, 11282.

United States Court of Appeals
Third Circuit.

Argued May 6, 1954.

Decided May 18, 1954.

Rehearing Denied June 16, 1954.

Jean Engstrom, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Samuel M. Singer, Louis Schwartz, Attys., N.L.R.B., Washington, D. C., on the brief), for N.L.R.B.

John F. Dumont, Little Falls, N. J., for Milco Undergarment Co. and Bloomsburg Braiding Corp.

Donald A. Lewis, Catawissa, Pa., for Bloomsburg Independent Garment Workers Ass'n, Intervenor.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

This is a petition by the National Labor Relations Board to enforce an order directing the respondents to cease from certain unfair labor practices, to reinstate two former employees with back pay, to make whole in pay eight other employees and to withdraw recognition from the Bloomsburg Independent Garment Workers Association as bargaining agent for their employees and disestablish the Association. The order was based on the Board's findings that the respondents had violated section 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1) by acts of surveillance and by threatening their employees about union activities, that they had violated section 8(a) (1), and (2) of the Act by forming, assisting and dominating the Association, and that they

had violated section 8(a) (1) and (3) of the Act by discriminatorily transferring, laying off or discharging the ten employees referred to in the order.

■ The respondents and the Association, as intervenor, attack these findings as not supported by substantial evidence on the record, considered as a whole. As to this contention it is sufficient to say that our examination of the record satisfies us that the Board's findings are adequately supported by the evidence.

■ The respondents urge that they were denied due process of law by the action of the trial examiner of the Board in refusing to permit the cross-examination of a Board's witness on a point which their counsel asserted was intended to impeach her credibility. The question disallowed did not of itself indicate the nature of the impeachment sought and while it appears to have been based upon a document which was submitted to the trial examiner for his inspection, counsel for the respondents failed to make an offer of proof which disclosed its nature and contents sufficiently to enable the Board and this court to determine the relevancy of the question. The Board held that the trial examiner erred in so limiting the cross-examination of a material witness. Nonetheless the Board concluded that the error was nonprejudicial and it refused the respondents' motion to reopen the hearing so as to permit the cross-examination. The trial examiner, who saw the document, apparently did not think that it would impeach the witness' credibility. In any event the failure of respondents' counsel to disclose its details in an offer of proof leaves this court without any basis for holding that the Board erred in concluding that the trial examiner's action did not prejudice the respondents. Accordingly we cannot so hold.

The remaining contentions of the respondents are so wholly lacking in merit as to require no discussion.

A decree enforcing the order of the Board will be entered.